Merrimack, }
  Dec., 1899. }

### CURRIER, *Ap't, v.* CURRIER *& a., Ex'rs.*

Where a clause in a will provides that the widow shall take one third of the
testator's real estate in F and also one third of all his personal property,
she is entitled to the shares specified without diminution by the payment
of debts, although the personalty in the hands of the executors is insufficient
for that purpose.

PROBATE APPEAL. Facts agreed. William Currier, deceased,
left a widow (the plaintiff) and three children. By his will he
nominated his two sons for executors, and ordered and directed
them to pay his just debts and funeral charges within one year
from his decease. The next provision is as follows: "Third, to
my wife, Mary A. Currier, I give, devise, and bequeath one third
part of all my real estate situate in the city of Franklin in said
county of Merrimack, the same to be in full of all her claim for
dower and homestead. Also one third of my personal property of
which I may die possessed." By the fourth, fifth, and sixth items
he gave legacies to his daughter and two grandchildren, amount-
ing to $225. The seventh item is as follows: "All the rest, resi-
due, and remainder of my property, real, personal, and mixed,
wherever found and however situate, I give, bequeath, and devise
to my two sons, Myron C. Currier and William W. Currier [the
executors], to share and share alike."

His property consisted of real estate appraised $3,810,—all sit-
uated in Franklin excepting a cemetery lot appraised $10,—and
personal property appraised $832.30, seven eighths of which con-
sisted of notes, bonds, and book accounts. According to the
executors' account as allowed by the judge of probate, there were
the following demands against the estate:

| | |
|---|---:|
| Expenses of administration . . . . | $385.81 |
| Funeral expenses . . . . . | 142.05 |
| Expenses of last sickness . . . . | 164.88 |
| Debts . . . . . . . | 796.54 |
| Legacies . . . . . . . | 225.00 |
| Cost of gravestones . . . . . | 25.00 |
| | $1,739.28 |

The executors sold two thirds of one piece of real estate to
raise money to pay these claims. The appeal is from a decree of
distribution of the balance in the executors' hands, by which the
plaintiff was not allowed any part of the personal property.

*Edward B. S. Sanborn*, for the plaintiff.

*John H. Albin*, for the defendants.

CHASE, J.   The question whether the judge of probate had jurisdiction of the matter about which the parties disagree seems to have been waived by them, and has not been considered.

, The disagreement relates to the intention expressed by the testator in the third item of his will.   The plaintiff says that the testator intended thereby to give her one third of both real estate and personal property, · without diminution by the payment of debts and other charges ; while, as to the personal property, the defendants say that the intention was to give her only one third of the balance left after the payment of the claims that are ordinarily • chargeable to it by the rules of law.   The natural and ordinary meaning of the language used by the testator sustains the plaintiff's claim.   " All my real estate situate in the city of Franklin," is a definite and clear description of property.   " My personal property of which I may die possessed," is no less definite and clear.   The particular property intended by each description can readily be ascertained.   The first is a specific devise.   The connective " also," and the absence of modifying terms, tend to show that the second was intended to be of the same class.   Ownership of an undivided fractional part of a mass of personal property consisting of articles of different kinds is practicable.   The law provides means for severing the rights of tenants in common in such property as well as in real estate.   *Pickering* v. *Moore*, 67 N. H. 533.   Moreover, this personal property consisted largely of notes, bonds, and book accounts — species of property that are convertible into money and readily divisible.   But it is unnecessary to determine whether, according to the testator's intention, the bequest of personal property was technically a specific legacy. The plaintiff is not seeking a third part of the property in species, but a third part of the sum with which the executors were charged on account of the personal property in their settlement with the judge of probate.   The language of the bequest tends to show, at least, that the fractional part of each kind of property intended was a fractional part of the whole,— that diminution of the personal property was no more expected than diminution of the real estate.

It is said that the testator's language has an artificial or technical meaning in consequence of the general rule of law which makes the personal property of a deceased person liable for the payment of the just demands chargeable to his estate before his real estate can be appropriated for the purpose.   P. S., *c.* 194,

*s.* 1.   This rule does not control the testator's intent, but is simply evidence to be considered with other evidence in ascertaining what his intent was.   If the testator used the language in this sense, he must have intended that the plaintiff should receive nothing from his personal property, for the just demands chargeable to his estate largely exceeded in amount the value of that property.   The language in that sense would be meaningless, and it would be worse than absurd to introduce it into the will, for it would inevitably lead to controversy.   On the other hand, reason and common sense lead to the conclusion that he intended to benefit the plaintiff by this provision.   *Wallace* v. *Wallace*, 23 N. H. 149 ; *Perkins* v. *Mathes*, 49 N. H. 107.

It might be claimed upon the same reasoning and with equal force, that the testator intended that the language used in reference to the real estate should be understood in a similar sense.   The lawful demands chargeable to his estate required an appropriation of a portion of the real estate for their payment. But the defendants do not, and with reason could not, claim that the plaintiff is entitled to one third of only the residue of the estate after the payment of the demands against it.   The difference in the wording of the third and seventh items of the will is conclusive on this point.   As has already been noticed, the third item disposes of " one third part of all my real estate " and " also one third part of my personal property of which I may die possessed," while the seventh item disposes of " all the rest, residue, and remainder of my property, real, personal, and mixed, wherever found and however situate."   The third item refers to the several kinds of property as entireties, while the seventh refers to what may be left after the payment of the demands against the estate.   For the same reason, the statutes fixing the share of a widow in the estate of her late husband do not sustain the defendants' position.   According to these statutes, the plaintiff would be entitled to one third part of the testator's personal and real estate, " after the payment of debts and expenses of administration."   The language of the will conflicts with these provisions so far as real estate is concerned.

The direction in the second item of the will, that the executors should pay the testator's debts and funeral charges within one year from his decease, is consistent with the plaintiff's claim.   The item is entirely independent of the one under which her rights arise ; no reference is made, directly or indirectly, in one to the other.   The order of their arrangement has no significance.   The first, second, and seventh items have a connection with each other.   The first nominates the defendants executors, the second directs them as to the payment of debts and funeral charges, and

the seventh gives them the residue of the estate.   They all relate
to the defendants and their rights and duties.   That which was
given to them was the residue of the property left after they had
discharged the obligations which the law and the will placed upon
them.

It seems more probable than otherwise that the testator used
the language of the third item of the will in its natural and ordi-
nary sense rather than in the artificial and technical sense for
which the defendants contend.   The decree of the probate court
should therefore be reversed.

*Case  discharged.*

BLODGETT, C. J., and WALLACE and PARSONS, JJ., did not
concur : the others concurred.